**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 21 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICHARD G. RUNQUIST,

               Petitioner - Appellant,

  v.

JEANNE S. WOODFORD, et al.,

               Respondents - Appellees.

No. 11-16101

D.C. No. 2:05-cv-02614-GEB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Submitted April 16, 2014[**]

Before: GOULD, BERZON, and BEA, Circuit Judges.

California state prisoner Richard G. Runquist appeals a district court order

denying his 28 U.S.C. § 2254 habeas corpus petition. We have jurisdiction under

28 U.S.C. § 2253. We review *de novo* the district court's denial of Runquist's

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

habeas corpus petition, *see Fairbank v. Ayers*, 650 F.3d 1243, 1250 (9th Cir. 2011), and we affirm.

Runquist argues that the state court deprived him of due process when it did not advise him of the sentencing consequences of his plea. He further contends that the state appellate court considered his federal due process claim on direct appeal and that we must defer to its conclusion of constitutional error. The record reflects, however, that the state court decision affirming Runquist's conviction and sentence did not consider whether there was federal constitutional error. Even though the state court rejected Runquist's due process challenge to the voluntariness of his plea by summarily denying his petitions for habeas relief under California law, our review is limited by the deference required by AEDPA. *See Johnson v. Williams*, 133 S. Ct. 1088, 1094 (2013); *Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011) ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits . . . .").

On the merits, the record reveals that Runquist was aware of his sentencing exposure. The state court's rejection of his due process challenge to the voluntariness of his plea was therefore neither contrary to nor based upon an

unreasonable application of clearly established federal law, as determined by the U.S. Supreme Court. *See* 28 U.S.C. § 2254(d)(1); *Richter*, 131 S. Ct. at 785.

Runquist also argues that his lengthy sentence under California's Three Strikes Law ran afoul of his plea agreement, which he contends specified a maximum term of five years. Because the state court did not apply contract law principles to the consideration of this claim, our review is *de novo*. *See Butler v. Curry,* 528 F.3d 624, 641 (9th Cir. 2008) (noting that where a state court decision is contrary to federal law, *de novo* review applies to consideration of the federal constitutional challenge); *Buckley v. Terhune*, 441 F.3d 688, 695 & n.5 (9th Cir. 2006) (en banc) (holding that a state court decision failing to apply contract law principles to a breach of plea claim is "contrary to" clearly established federal law). The waiver of rights form was ambiguous because it did not allude to Runquist's sentencing exposure on the special allegations relating to his prior convictions. The record as a whole, however, reveals that the parties contemplated a bench trial on the special allegations, with sentencing consequences to be determined under state law. Runquist's sentence did not contravene the terms of his plea agreement, and the state court's rejection of his breach of plea claim was proper.

Runquist also contends that the state court violated due process by denying his motion to withdraw his plea. Because Runquist's sentence did not transgress the terms of his plea agreement, he had no constitutional right to withdraw his plea.

**AFFIRMED.**